UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NELSY HERNANDEZ,

Plaintiff,

v.

T.S.A. and CONTINENTAL AIRLINES,

Defendants.

Civ. No. 2:12-02796
(KM)(MAH)

MEMORANDUM OPINION

### MCNULTY, U.S.D.J.:

This matter comes before the Court on the motion of the United States Transportation Security Administration ("TSA") to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction based on sovereign immunity and the statute of limitations, and pursuant to Fed. R. Civ. P. 12(b)(2) for failure to complete proper service. (Docket No. 16). Because I find that the statute of limitations expired before this complaint was filed, it will be dismissed with prejudice against the TSA. Because the dismissal of the Complaint as against the TSA leaves no independent basis for subject matter jurisdiction over the claims against Continental, the Complaint will also be dismissed against Continental pursuant to Fed. R. Civ. P. 12(b)(1).

### I. BACKGROUND

The Plaintiff, Nelsy Hernandez, claims that jewelry was stolen from her checked luggage when she took a Continental Airlines flight from Newark, New Jersey, to San Juan, Puerto Rico, on May 26, 2010. Compl. (Docket No. 1) at 1. Hernandez's Complaint, brought against the TSA and Continental Airlines,

demands $22,654.00 for the value of the jewelry and an additional $50,000 for unspecified "personal injury." *Id.*

Hernandez first presented a timely administrative tort claim to the TSA, as required by the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 2675(a); Decl. of Robert Grimes (Docket No. 20-3) ¶ 2, Ex. A. The TSA formally denied the claim in writing by sending a certified letter to the Plaintiff and her husband, Jose Hernandez, on January 26, 2011. Grimes Decl. ¶ 3, Ex. B. ("Denial Letter"). The Denial Letter informed the Plaintiff that if she was "dissatisfied" with the denial of her claim, she could file suit in "an appropriate U.S. District Court not later than six months" after the date the letter was mailed. *Id.*

On July 25, 2011, Hernandez filed the first of her two federal court actions. That action, like this one, was brought against the TSA and Continental Airlines. Originally filed in the Eastern District of New York, the action was transferred to the District of New Jersey on July 29, 2011. Transfer Order, 11-cv-4401 (Docket No. 3). The district judge in that first action, Hon. Faith S. Hochberg, dismissed the case against both Defendants on March 3, 2012. Order, 11-cv-4401 (Docket No. 24). As to Continental, the Order dismissed the Complaint for lack of subject matter jurisdiction. The only damages allegation was for $22,654, the value of the jewelry. Judge Hochberg's Order also noted that Continental's Contract of Carriage limits the Plaintiff's potential recovery to $3,300 as a matter of law. *Id.* Judge Hochberg thus found that the Plaintiff had failed to surmount the $75,000 amount-in-controversy threshold for diversity jurisdiction. *Id*; *see* 28 U.S.C. § 1332(a).

The only other defendant, TSA, was never properly served in that earlier action. *See id.*; 11-cv-4401 (Docket Nos. 19, 26). Consequently, the entire action was dismissed. Order (Docket No. 24). Hernandez did not seek leave to extend the deadline to serve TSA, move for reconsideration, move to reopen the judgment, or appeal.

2

Instead, on May 1, 2012, Hernandez filed a second Complaint in the Eastern District of New York, asserting virtually the same claim regarding her jewelry against the same defendants. Compl. at 1. Again, the case was transferred to the District of New Jersey. (Docket Nos. 5, 6). That second case is the one now before this Court.[1]

The Clerk of the Court issued a summons on May 14, 2012. (Docket No. 10). The summons for the TSA was returned executed on July 6, 2012, and that for Continental Airlines on January 1, 2013. (Docket Nos. 13, 15). On December 14, 2012, Assistant United States Attorney Pamela R. Perron sent Hernandez a letter informing her that her attempted service of process on the TSA did not comply with Fed. R. Civ. P. 4(i). (Docket No. 14). As noted in that letter, neither the Attorney General nor the United States Attorney for the District of New Jersey was served, as required. *See id.* The letter further stated that the Complaint was subject to dismissal because service had not been completed within 120 days of filing the Complaint pursuant to Fed. R. Civ. P. 4(m), that the case was filed too late, and that the claims were barred by Judge Hochberg's dismissal with prejudice of the earlier action. *Id.* at 1 – 2.

In connection with TSA's motion to dismiss, filed on March 20, 2013, AUSA Perron submitted a Declaration. Her Declaration states that the U.S. Attorney's Office for the District of New Jersey was not served; it received a copy of the Complaint only on January 11, 2013, together with the order transferring the case to the District of New Jersey. Decl. of Pamela Perron (Docket No. 16-2) ¶ 11, Ex. 11. The Declaration also states that the U.S. Attorney General's Office has not been served. *Id.* ¶ 12, Ex. 12.

Continental Airlines did not join in TSA's motion or file an Answer to the Complaint.

---

[1] The second case, like the first, was initially assigned to Judge Hochberg. On August 1, 2012, it was reassigned to me. (Docket No. 12).

3

## II. DISCUSSION

TSA brings its motion to dismiss the complaint on the bases of sovereign immunity, statute of limitations, and defective service. Sovereign immunity and the expiration of the statute of limitations pertain to the Court's subject matter jurisdiction and are considered under Fed. R. Civ. P. 12(b)(1). The Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Service of process is assessed under Fed. R. Civ. P. 12(b)(5), which governs dismissal for insufficient service of process; Fed. R. Civ. P. 4(i), which governs service of the United States and its agencies; and Fed. R. Civ. P. 4(m), which requires dismissal if a defendant is not served within 120 days of the filing of the complaint.

Here, lack of subject matter jurisdiction provides grounds for dismissal under Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) challenge may be either facial or factual. See 2 MOORE'S FEDERAL PRACTICE § 12.30[4] (3d ed. 2007); *Mortensen*, 549 F.2d at 891 (3d Cir. 1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A court considering such a facial challenge assumes that the allegations in the complaint are true, and may dismiss the complaint only if it nevertheless appears that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Cardio–Med. Assoc., Ltd. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983); *Iwanowa*, 67 F. Supp. 2d at 438. A factual challenge, however, attacks subject-matter jurisdiction by challenging the truth (or completeness) of the jurisdictional allegations set forth in the complaint. *Mortensen*, 549 F.2d at 891. Thus a factual jurisdictional proceeding may not occur until the plaintiff's allegations have been controverted. *Id.* at 891 n. 17. In a factual challenge, the Court may consider evidence outside the pleadings. *See United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514

(3d. Cir. 2007) (citing *Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997); *Mortenson*, 549 F.2d at 891 (3d Cir. 1977).

The TSA's motion, which includes factual material extrinsic to the Complaint, will be deemed a factual attack on the Court's subject matter jurisdiction. Def. Br. (Docket No. 16-1) at 4.

### A. Motion to Dismiss Claims Against TSA
#### 1. Res Judicata

Although the TSA does not raise it, one ground for dismissal suggests itself at the outset: *res judicata*. Judge Hochberg's order in the prior case dismissed the Complaint with prejudice. The Plaintiff did not appeal from that final decision. This subsequently filed Complaint asserts precisely the same claims. While dismissal on *res judicata* grounds may be appropriate as to Continental, *see* pp. 12 – 13, *infra,* it would not be appropriate as to TSA.

Federal *res judicata* law requires a defendant to demonstrate that there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action. *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984); *Meza-Role v. Partyka*, No. 12-3885, 2013 WL 1340643, at *2 (3d Cir. Apr. 4, 2013) (citing same).

It is clear that Judge Hochberg's prior judgment was on the merits as to Continental, but not so clear as to TSA. Judge Hochberg's brief Order discusses only the amount-in-controversy threshold of $75,000 to support diversity jurisdiction. That analysis obviously applies to state-law claims against Continental. Of course, diversity jurisdiction would *also* be inappropriate as to a federal agency like TSA, and not only because the damages do not exceed $75,000. The agency is not a "citizen" of a "state." *See generally* 28 U.S.C. § 1332(a). But diversity is not germane as to TSA.

5

The earlier Complaint, like this one, does not state the legal basis for the claim it asserts against TSA. It appears likely, however, that the only potential basis for such a claim would be the FTCA. For an FTCA claim, diversity jurisdiction is not required; the basis for jurisdiction would be 28 U.S.C. § 1346(b). Judge Hochberg's Order, however, does not discuss any potential FTCA claim against TSA, or the jurisdictional basis therefor.

It does not appear, then, that Judge Hochberg reached the merits, or even the jurisdictional merits, of the claim against TSA. Rather, it seems likely that issue was never joined at all. Because TSA was never served in that action, its defenses did not merit discussion by Judge Hochberg.

That being the case, I cannot find that there is a prior, binding, disposition on the merits as to TSA. A dismissal based on *res judicata* would therefore be inappropriate.

### 2. **Statute of limitations**

As noted above, any claim against the TSA would presumably arise, if at all, under the FTCA. To file suit against the United States under the FTCA, the Plaintiff must first present the claim to the relevant federal agency and the claim must be finally denied. *Lightfoot v. the United States*, 564 F.3d 625, 626-27 (3d Cir. 2009). A special, dual statute of limitations applies:

> [A] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after the claim accrues, or unless action is begun within six months after the date of mailing by certified or registered mail, of notice of final denial of the claim by the agency to which it is presented.

28 U.S.C. § 2401(b).

The statute separates the two-year and six-month limitations periods with "or." I agree with TSA, however, that Section 2401(b) requires a plaintiff *both* to file a claim with the agency within two years of accrual *and* then to file

6

a complaint in district court within six months of the agency's denial of the claim. Def. Br. at 7. If either of these deadlines is not met, the suit will be barred as untimely. *Schuler v. United States*, 628 F. 2d 199, 201-02 (D.C. Cir. 1980) (*en banc*); *see also Barren by Barren v. United States*, 839 F.2d 987, 992 (3d Cir. 1988) (untimely filing under FTCA denies Court jurisdiction); *Houston v. U.S. Postal Service*, 823 F.2d 896, 902 (5th Cir. 1987), *cert denied*, 485 U.S. 1006 (1988).[2] That interpretation aligns with common sense: if "or" were read in the disjunctive, a litigant would discharge his obligations by filing his administrative claim within two years, and there would be no time limit at all for bringing a claim in federal court. *See id.*

Because the FTCA is in derogation of sovereign immunity, its terms, including limitations periods, are strictly construed. *Barren by Barren*, 839 F.2d at 992; *Lightfoot v. United States*, 564 F.3d 625, 628 (3d Cir. 2009); *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003); *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989). Failure to file a FTCA claim within the statute of limitations therefore renders a claim subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1). *Lightfoot*, 564 F.3d at 626.

To summarize, then, the plaintiff must present a claim to the relevant agency within two years of its accrual. If and when the agency sends notice of final denial of the claim, a plaintiff must file any civil action in district court within six months. *See Willis v. United States*, 719 F.2d 608, 613 (2d Cir. 1983). Failure to meet either or both of these deadlines will result in dismissal.

In this action, the Complaint was filed long after the six month limitations period had expired. The TSA finally denied Hernandez's administrative claim on January 26, 2011. Grimes Decl. ¶ 3, Ex. B. Hernandez filed the present action on May 1, 2012—more than 15 months after the denial of her administrative claim. (Docket No. 1).

---

[2] The legislative history of the statute also supports this non-disjunctive reading. Report of the House Committee, H.R. Rep. No. 1532, 89th Cong., 2d Sess. 5 (1966); Senate Report, S. Rep. No. 1327, 89th Cong., 2d Sess. 1 (1966).

To be sure, there was a prior, nearly identical complaint that was filed within the six-month limitation period. I have therefore considered whether the earlier complaint stopped the running of the statute of limitations as to TSA, or alternatively furnished a basis for equitable tolling. I cannot find, however, that the prior, dismissed complaint saves the current one.

First, the earlier complaint did not stop the running of the statute of limitations or render this Complaint timely. For these purposes, that earlier case was a nullity; service of process was never properly perfected, and as to Continental there was no subject matter jurisdiction. Judge Hochberg dismissed that complaint, and the statute of limitations is not tolled by the filing of a complaint that is subsequently dismissed. *See Cardio-Medical Assoc., Ltd. V. Crozer-Chester Medical Center*, 721 F.2d 68, 77 (3d Cir. 1983) (dismissal without prejudice does not toll statute of limitations where the dismissal is considered a final order); *Brennan v. Kulick*, 407 F.3d 603, 606-07 (3d Cir. 2005) (reasoning that the "finality of the dismissal" is the determinative element); *Weinstein v. Bissel*, No. 02-1593 (SRC), 2006 WL 414092, at *4 (D.N.J. 2006) (same). In such a case, the original complaint is treated "as if it never existed" for purposes of the statute of limitations. *Id.*

Second, there is no adequate basis for equitable tolling that would rescue Hernandez's second Complaint.[3] Equitable tolling applies where a plaintiff has "been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (quoting *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir.1999)). This may occur in three instances: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights

---

[3] I make the plaintiff-favorable assumption that equitable tolling applies to the six-month limitation period. The authority discussed herein all deals with the two-year limitation period for the initial filing of the claim with the agency.

8

mistakenly in the wrong forum." *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005) (citations omitted).

Hernandez was not prevented from filing on time by any official action. Nor did any official mislead her as to applicable procedures or filing deadlines. She had 120 days to perfect service after service of the earlier complaint. Fed. R. Civ. P. 4(m).[4] After failing to do so, Hernandez was informed in writing by the United States Attorney's Office as to the proper service procedures. *See* Letter, 11-cv-04401 (Docket No. 11). Then, upon her request, the Court granted her additional time for service of process. Order, 11-cv-04401 (Docket No. 19). Despite the additional time, Hernandez failed to perfect timely service and requested a second extension after the deadline had passed. Letter, 11-cv-04401 (Docket No. 25). *See* Fed. R. Civ. P. 4(m) (extension based on good cause).

Nor did Hernandez exercise reasonable diligence. After the dismissal of her original case, she could have moved for reconsideration of, or for relief from, the judgment in the original case. *See* Fed. R. Civ. P. 59. If she believed the disposition to be incorrect, she could have appealed the dismissal, which was a final decision. *See* 28 U.S.C. § 1291. She did none of these things.

Instead Hernandez filed a new, nearly identical complaint (despite the earlier dismissal "with prejudice"). The current complaint does not signify diligence. It is not, for example, a good faith (if misguided) attempt to restart the 120-day clock on proper service of TSA.[5] This is apparent because, even

---

[4] Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.
Fed. R. Civ. P. 4(m)

[5] The new complaint might be construed, however, as an unsuccessful attempt to remedy a defect in diversity jurisdiction with respect to Continental. The original complaint claimed damages of $22,654.00, the alleged value of the jewelry, far short of

after filing the current complaint, Hernandez made no attempt to correct the earlier defect in service. Indeed, just as in the earlier action, she failed to comply with service procedures and again let 120 days go by without perfecting service.

The current case, as noted above, was unquestionably filed outside the six-month limitations period, after an earlier dismissal of a virtually identical complaint. There is no basis to conclude that the earlier complaint stopped the running of the statute of limitations as to TSA. Equitable tolling is inappropriate. The action must therefore be dismissed with prejudice against the TSA pursuant to Fed. R. Civ. P. 12(b)(1).

### 3. Sovereign Immunity & Defective Service

The TSA asserts two additional bases for dismissal: sovereign immunity and deficient service. Because I find that the statute of limitations requires dismissal of the Complaint against the TSA, these arguments are superfluous. I nevertheless address them briefly.

#### (a) Sovereign Immunity

It is well established that the FTCA constitutes a limited waiver of sovereign immunity with respect to certain common law tort claims. *See Miller v. Phila. Geriatric Center*, 463 F.3d 266, 270 (3d. Cir. 2006). The FTCA provides an exclusive tort remedy in the form of a waiver of sovereign immunity for claims against the United States. 28 U.S.C. § 2674(a) ("The United States shall be liable ...."). And 28 U.S.C. § 1346(b)(1) grants the district courts jurisdiction over such claims "against the United States." In short, the United States is the

---

the jurisdictional amount of $75,000. 29 U.S.C. § 1332(a). The second complaint adds a damages allegation of $50,000 for unspecified "personal injury." Even this allegation, however, brings the total alleged damages to only $72,654 – still $2346 short of the jurisdictional amount. *See* p.11, *infra.*

proper defendant for an FTCA suit; an agency cannot be sued in its own name.[6]

The TSA argues that, because it cannot be sued in its own name, this action is barred by sovereign immunity. Def. Br. at 6. That argument is technically correct. If this were the Complaint's only deficiency, then it would probably be a simple matter to remedy it by substituting in the United States as defendant.[7] But as I have already found that the Complaint was filed outside the statute of limitations, such an amendment would be futile.

### (b) Defective Service

The TSA's final argument for dismissal is that the Plaintiff failed to accomplish service of process in compliance with Fed. R. Civ. P. 4(i) and 4(m). Def. Br. at 10. The argument has merit. Again, however, it is superfluous because, even assuming proper service, the Complaint is untimely.

The Complaint in this action, as noted, was filed on May 1, 2012. The TSA has submitted uncontroverted evidence that neither the U.S. Attorney for the District of New Jersey nor the U.S. Attorney General was served with process. *Id.* at 13. Seven months later, on or about January 11, 2013, the U.S. Attorney's office received a copy of the Complaint (together with the transfer Order), apparently sent by the Plaintiff though the regular mail. The summons, however, was not included. Perron Decl. ¶¶ 9 – 11, Ex. 11. The U.S. Attorney General's Office advised the U.S. Attorney's Office that it had no record of this

---

[6] That principle is not undercut by an agency's capacity to sue or be sued for other purposes. *See* 28 U.S.C. § 2679(a).
[7] I note that where an action has been brought against an agency employee, there are statutory procedures for making a finding that agent acted within the scope of employment and substituting the United States as defendant. 28 U.S.C. § 2679(d).

In its reply brief, the TSA asserted for the first time that, because theft is outside of a TSA employee's scope of employment, this theft claim falls outside of the FTCA's waiver of sovereign immunity. This argument was not raised in the moving brief and will not be considered here. *See Elizabethtown Water Co. v. Hartford Cas. Ins. Co.*, 998 F. Supp. 447, 458 (D.N.J. 1998) (citing *Egert v. Connecticut Gen. Life Ins. Co.*, 900 F.2d 1032, 1035 (7th Cir.1990)).

case as of March 8, 2013. Perron Decl. ¶ 12. The Plaintiff states in her Opposition that she was "not aware" of these service requirements and that service has been corrected. Opp. Br. (Docket No. 20) at 2. No evidence of such "correction" has been submitted.

There is no dispute that Hernandez was required to serve not just the TSA, but also the U.S. Attorney for the District of New Jersey and the U.S. Attorney General. See Fed. R. Civ. P. 4(i)(1)(A) and (B), 4(i)(2). It appears to be uncontradicted that service on the U.S. Attorney's Office was not complete or timely, and that the Plaintiff failed to serve the U.S. Attorney General at all.

If the Complaint had been timely, I would perhaps explore whether TSA had actual notice of the claim and whether deadlines could be equitably extended, based on a showing of good cause, to accommodate proper service. But because these claims against the TSA are not timely, I need not rest my decision on defective service, even though the defect is patent.

### III. JURISDICTION OVER CONTINENTAL

Finally, there is no basis for subject matter jurisdiction over the remaining Defendant, Continental. Any claim against Continental would appear to be a state-law claim, cognizable only under the court's diversity jurisdiction, 28 U.S.C. § 1332(a).[8]

Continental has not moved to dismiss the Complaint. Even in an ordinary case, the Court has the obligation to examine its own jurisdiction *sua*

---

[8] If there were, for example, a viable federal case against TSA, the court would consider exercising its discretionary supplemental jurisdiction, 28 U.S.C. § 1367. Any federal case against TSA, however is insubstantial. I have dismissed the claim against TSA at the preliminary jurisdictional stage, before any substantial investment of resources. Even if it were possible, then, I would not exercise my discretion to extend supplemental jurisdiction over any state-law claims against Continental. See 28 U.S.C. § 1367(c)(3) (declination of supplemental jurisdiction when original federal claims have been dismissed).

*sponte. United States v. Hays*, 515 U.S. 737, 742, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995); Fed. R. Civ. P. 12(h)(3). Here, moreover, the lack of diversity jurisdiction over the claims against Continental is *res judicata*.

In the first action, Judge Hochberg found that the Plaintiff's claims did not meet the jurisdictional dollar threshold of $75,000 under 28 U.S.C. § 1332(a), the diversity statute. Order, 11-cv-4401 (Docket No. 24) at 2 (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938)). That complaint claimed damages of $22,654.00, the alleged value of the jewelry. Judge Hochberg's Order also noted that Continental's Contract of Carriage limits the Plaintiff's potential recovery to $3,300 as a matter of law. *Id.* Either way, the Complaint fell far short of alleging the requisite amount of damages. Judge Hochberg therefore dismissed the Complaint for lack of subject matter jurisdiction.

That judgment stands. Hernandez did not move to amend her complaint, attack the judgment in any manner, or appeal. The judgment binds this Court. *See Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 325 (1955).

Even if I considered the current Complaint afresh and at face value, however, I would find jurisdiction to be lacking. The current Complaint alleges damages totaling $72,654 ($22,654.00 for the value of the jewelry and $50,000 for unspecified "personal injury"). Compl. at 1. That figure, too, falls short of the $75,000 diversity threshold.[9]

There is no basis for subject-matter jurisdiction over Continental. The Amended Complaint will therefore be dismissed in its entirety.

---

[9] I ignore the Contract of Carriage limitation of damages to $3,300, and I also decline to consider what may lie behind the refiling of a dismissed complaint with an additional claim of $50,000 in unspecified "personal injury" damages. The claimed damages do not exceed $75,000 under any scenario.

## IV. CONCLUSION

Because the Plaintiff failed to file this Complaint within six months of the final denial of her administrative claim before the TSA, this Court lacks jurisdiction and the Complaint is **DISMISSED** against the TSA. Because Judge Hochberg has already found that the claimed damages are insufficient to confer diversity jurisdiction over Continental, and because the current Complaint fails to remedy that deficiency, the Complaint is also **DISMISSED** as to Continental. Because Plaintiff has had two opportunities to demonstrate the existence of viable, timely claims over which this Court has jurisdiction, amendment would be futile. This dismissal is therefore **WITH PREJUDICE**.

The case file will be closed.

An Order will be filed in accordance with this Opinion.

Dated: January 7, 2014

/s/ Kevin McNulty
**Hon. Kevin McNulty**
**United States District Judge**